PER CURIAM.
This petition for writ of certiorari to review an order of the respondent Florida Railroad and Public Utilities Commission was filed in this Court January 14, 1963. The order sought to be reviewed was one dated the 30th day of August, 1962 to which the petitioner duly filed a petition for reconsideration and rehearing which was denied by the respondent Commission by order dated the 7th day of November, 1962 but containing a provision “that the new effective date of [the order of the 30th of August, 1962] shall be Thursday, November IS, 1962.” The Court of its own motion must take notice of the fact that it is without jurisdiction. The statute (Section 350.641, Florida Statutes 1961, F.S.A.) requires such petitions to be filed in this Court “within sixty days after the * * * rendition of the order sought to be reviewed.” Rule 1.3, Florida Appellate Rules 1962 Revision, 31 F.S.A., provides that the rendition of the order “means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. * * * Where there has been a timely and proper motion or petition for * * *, rehearing or reconsideration * * * by the lower court. *426 the * * * order * * * shall not be deemed rendered until such motion or petition is disposed of.” The same rule defines the “lower court” as the commission whose decision is being reviewed.
It is beyond the power of the respondent Commission to affect the appeal period by fixing the effective date of the questioned order at some time in the future. The order becomes a reviewable order upon the disposition of the petition for rehearing or reconsideration and the sixty day period commences to run from the date of the latter order.
For the foregoing reasons, we are without jurisdiction to entertain these proceedings, hence they are dismissed ex mero motu.
It is so ordered.
TERRELL, Acting C. J., and THOMAS, DREW, THORNAL and O’CONNELL, JJ-, concur.